## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHAUNCY WILLIAMS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ADRIANNE PERNELL, in her individual** | § | **Case No. 1:23-CV-00164-RP-SH** |
| **capacity, and JESSICA MORRISON,** | § | |
| **BRANDY HALLFORD, and SHARLANN** | § | |
| **M. ROE, in their official capacities,** | § | |
| *Defendants* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint for Violation of Civil Rights (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed February 10, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I.    Background

Plaintiff Chauncy Williams brings this lawsuit under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. §§ 201, 241, 242, 1001, 1621; and 42 U.S.C. §§ 1985 and 1986. Dkt. 1 (Complaint) at 3, 5. Plaintiff alleges that Defendant Adrianne Pernell made false allegations of domestic violence against him to obtain a protective order evicting him from

1

property he had already vacated. *Id.* at 5. The protective order was granted by Defendant Brandy Hallford, judge for Williamson County Court at Law No. 1. *Id.* Plaintiff alleges that Defendant Jessica Morrison submitted an affidavit of protection from Pernell without investigating her allegations. *Id.* Plaintiff also claims that Defendant Sharlann Roe, an attorney, "entertained the conspiracies with [Pernell] and Williamson County Victim Services." *Id.* Plaintiff seeks $1 million in damages. *Id.* at 4.

## II.    Application to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court after this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## III.    Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute is designed to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an

affidavit stating that he cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

Federal courts generally abstain from resolving cases that involve domestic relations, such as the domestic violence issues raised here. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990); *Chandler v. Commander, Army Fin. & Acct. Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *Goins v. Goins*, 777 F.2d 1059, 1062 (5th Cir. 1985).

### A.   Claims against Pernell and Roe

To state a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Plaintiff asserts § 1983 claims against Pernell and Roe, who appear to be private individuals.[1] For individuals to act under color of state law, they must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Private individuals who make complaints of criminal conduct are not state actors. *See Pleasant v. Caraway*, 25 F.3d 1044 (5th Cir. 1994) (affirming dismissal of § 1983 claim because allegation that defendant made false statement in affidavit to police did not qualify defendant as state actor). Plaintiff's allegation that Pernell made a false statement to Williamson County Victim Services does not satisfy the requirement that the defendant act under color of state law.

Plaintiff also asserts that Roe "entertained the conspiracies with [Pernell] and Williamson County Victim Services." Conclusory allegations that private individuals participated in a conspiracy with state actors are insufficient to state a § 1983 claim. *Young v. Biggers*, 938 F.2d 565, 569 n.6 (5th Cir. 1991) (affirming dismissal of § 1983 claims against private individuals).

---

[1] Although Plaintiff sues Roe in her official capacity, his complaint does not suggest that she is a state actor. If Roe is a state actor, the claims against her should be dismissed for the same reason as the claims against Morrison, discussed below.

Because Plaintiff alleges no facts in support of the alleged conspiracy with Williamson County Victim Services, he cannot state a claim against Pernell and Roe on that basis. The Court recommends that the claims against Pernell and Roe be dismissed.

### B.   Claims against Judge Hallford

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial or "taken in the complete absence of all jurisdiction." *Id.* at 11-12. A judge's acts are judicial if they are normally performed by a judge and the parties dealt with the judge in her judicial capacity. *Id.* at 12.

Plaintiff alleges that Judge Hallford violated his due process rights by granting a protective order against him. Because the act of granting a protective order is judicial, Judge Hallford is entitled to absolute judicial immunity, and the Court recommends that Plaintiff's claims against her be dismissed. *See Boyd*, 31 F.3d at 285 (holding that plaintiff's claims against judge were properly dismissed as frivolous where plaintiff did not allege that any acts were nonjudicial).

### C.  Claims against Morrison

Finally, Plaintiff brings claims against Morrison in her official capacity, seeking monetary damages. Morrison appears to be a Williamson County employee, but Plaintiff plead no facts related to her position.

Suits brought against municipal employees in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). To recover damages under § 1983, a plaintiff must show that the municipality itself is liable for the alleged unlawful conduct. But municipalities are liable only for official policies or customs that cause injuries to the plaintiff. *Id.*

Because Plaintiff does not allege that Williamson County policies or customs led to constitutional violations alleged, he cannot state a claim for monetary relief against Morrison. *See Mosley v. Waybourn*, No. 4:22-CV-0795-P, 2023 WL 146258, at *4 n.3 (N.D. Tex. Jan. 10, 2023) (dismissing claims against defendants sued in their official capacities for monetary damages where plaintiff did not allege that county's policies or customs caused alleged violation). The Court recommends dismissal of Plaintiff's claims against Morrison as well.

## IV.    Order and Recommendation

For these reasons, the undersigned Magistrate Judge **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2)(B).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **SIGNED** on February 28, 2023.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE