**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHAUNCY WILLIAMS,** *Plaintiff* | § | |
| **v.** | § | **Case No. 1:23-CV-00164-RP-SH** |
| **WILLIAMSON COUNTY; ADRIANNE PERNELL, in her individual capacity; JESSICA MORRISON, in her official capacity; and BRANDY HALLFORD, THOMAS VELEZ, and EVELYN MCLEAN, in their official and individual capacities,** *Defendants* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Amended Complaint, filed March 27, 2023 (Dkt. 7). On May 16, 2023, the District Court referred this case to this Magistrate Judge for a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 10.

## I. Background

Plaintiff Chauncy Williams alleges that he lived with Defendant Adrianne Pernell until she made false allegations of domestic violence against him and forced him to leave their residence. Dkt. 7 ¶¶ 46, 61. Williams states that he was served "with a summons for a temporary protective order and eviction because defendant intended to deprive and convert whatever property left at the home to herself unlawfully." *Id.* ¶ 65. Williams alleges that Williamson County officials

suppressed evidence favorable to him and that "an official final decision was made to fabricate and synchronize the statements reported to conceal the truth of the incident." *Id.* ¶¶ 111, 125.

On February 28, 2023, the Court entered an Order and Report and Recommendation granting Williams *in forma pauperis* status and recommending that his complaint be dismissed as frivolous under 28 U.S.C. § 1915(e). Dkt. 5. Before the District Court ruled on the Report and Recommendation, Williams filed his Amended Complaint asserting claims under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Williams also asserts state law claims for defamation and perjury, harassment, negligence, intentional infliction of emotional distress, assault, theft, battery, and breach of fiduciary duty and duty of loyalty. Williams sues the individual defendants in their official and individual capacities and seeks to hold Williamson County liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Williams seeks $1 million in damages, attorneys' fees and costs, and an injunction ordering Williamson County to adopt appropriate hiring and supervision policies.

## II. Section 1915(e)(2) Frivolousness Review

Because Williams has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute is designed to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e)

authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

**A. Claims against Pernell**

To state a claim under § 1983, Williams must allege a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). For individuals to act under color of state law, they must exercise power "possessed by virtue of

state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Private individuals who make complaints of criminal conduct are not state actors. *See Pleasant v. Caraway*, 25 F.3d 1044 (5th Cir. 1994) (per curiam) (affirming dismissal of § 1983 claim because allegation that defendant made false statement in affidavit to police did not qualify defendant as state actor).

Williams's claim that Pernell made false allegations against him does not satisfy the requirement that the defendant act under color of state law. To the extent Williams alleges that Pernell conspired with Williamson County officials to fabricate evidence against him, his conclusory allegations of a conspiracy are insufficient to state a § 1983 claim. *Young v. Biggers*, 938 F.2d 565, 569 & n.6 (5th Cir. 1991).

**B. Claims against Judges Hallford and McLean**

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial or "taken in the complete absence of all jurisdiction." *Id.* at 11-12. A judge's acts are judicial if they are normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Id.* at 12. Because Williams alleges no facts suggesting that he is suing Judges Hallford and McLean for nonjudicial acts, they are entitled to absolute judicial immunity, and the Court recommends that William's claims against them be dismissed. *Boyd*, 31 F.3d at 285.

**C. Claims against Morrison and Velez**

Prosecutors enjoy absolute immunity for conduct associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). Prosecutorial immunity is based on the concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler v. Pachtman*, 424 U.S. 409, 422 (1976). A prosecutor remains entitled to absolute immunity "even if he or she acted maliciously, wantonly, or negligently." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019). "A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Morrison and Velez are alleged to be employees of the Williamson County District Attorney's Office. As stated, Williams alleges no facts in support of the existence of a conspiracy with Pernell to provide a false statement against him or that Morrison and Velez otherwise "fabricated" evidence. Dkt. 7 ¶ 134. Instead, Williams alleges that Morrison "accepted and endorsed the complaint failing to investigate the allegations required in the scope of her duty to protect the rights' and privileges of both parties under equal protection laws." *Id.* ¶ 65. Because Williams has not alleged any actions that are not intimately associated with the judicial phrase of the criminal process, the Court recommends that they be found Morrison and Velez be found entitled to immunity from this suit.

**D. Claims against Williamson County**

The Court recommends that Williams's claims against Williamson County be dismissed as conclusory. It is well established that a municipality or a local governmental unit is not liable under Section 1983 on the theory of *respondeat superior*. *Monell*, 436 U.S. at 694. To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 691). A policy may

> be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority. A single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable. However, this single incident exception is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker.

*Id.* at 542. A failure to adequately hire, train, or supervise also may represent a policy for which a municipality is responsible. *See id.* at 544.

Williams alleges only that "an official final decision was made to fabricate and synchronize the statements reported to conceal the truth of the incident and thereby violating plaintiffs civil rights." Dkt. 7 ¶ 111. He does not allege who made this decision and therefore does not plausibly allege that it was made by a final policymaker. Williams thus fails to state a claim against Williamson County based on the single incident exception.

To state a claim for failure to adequately hire, train, and supervise, Williams must plead sufficient facts to show that (1) the municipality's policy or procedure was inadequate; (2) the inadequate policy was a moving force in causing the constitutional violation; and (3) the municipality was deliberately indifferent in adopting its training policy. *See Valle*, 613 F.3d at 544. Williams alleges no facts in support of his claim that Williamson County's supervision and training was inadequate or that it failed to "exercise reasonable care in hiring its attorneys." Dkt. 7 ¶ 103.

The Court recommends that his claim that Williamson County failed to adequately hire, train, and supervise its employees should be dismissed. *See Ayon v. Austin Indep. Sch. Dist.*, No. 1:19-CV-586-RP, 2020 WL 1536383, at *7-8 (W.D. Tex. Mar. 31, 2020).

### E. State Law Claims

If the District Court accepts the recommendations above, claims under Texas law would remain. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C § 1367(c). The court has wide discretion to remand or dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Based on these principles, the Court recommends that the District Court decline to exercise pendent jurisdiction over the state law claims and dismiss those claims without prejudice to refiling in state court.

## III. Recommendation

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2)(B). The Court recommends that Plaintiff's claims under § 1983 be dismissed with prejudice and his state law claims dismissed without prejudice to refiling in state court. Service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 24, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE